United States v. Oneal. May it please the court. My name is Aaron Eckman. I represent appellant Irick Oneal. In the briefs, I put forward several issues. However, at argument, I'd like to focus on issue one. Issue one is argument that the district court abused its discretion and reversibly erred by admitting a photograph of the victim that was taken at a birthday party held at the federal courthouse. This photograph was inadmissible under Rule of Evidence 403. Your Honors, as you know, Rule 403 states a court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following, unfair prejudice, confusion of the issues, and misleading the jury. In this particular case, we have a photograph that is admitted of the victim that was taken at a birthday party held at the federal courthouse. The birthday party was after the relevant time. The birthday party in the federal courthouse. Who gave her the party? It seems like the court. The court staff or something thought they would have a party during the trial? It was pretrial. It wasn't during the trial. It was some phase in a pretrial session where the complainant was brought to the courthouse, and there was a photograph taken of this birthday party. Was it her actual 16th birthday? That wasn't a fake trumped-up thing or something? No. The arrest occurred October 17th. This is a very fast trial. October 17th is the arrest of my client. We're in trial in January. Her birthday takes place in between. And I know there's an ad litem that's appointed in this case for the best interest of the minor victim. And then there's a birthday party there at the courthouse. Well, maybe the ad litem asked the court if they could have a party or something. We don't know any of that. No, no. That's not the – on the cold record, that information is not there. And you don't object to the fact that the court had a party for this victim, do you? Or is that part of your case? Do you know it was the court or was it the U.S. Attorney's Office? The way the testimony is elicited from the government presents that it was held at the courthouse. If we go – so the evidence was admitted twice. Well, it was admitted first through an agent who testified. And it was presented, and there was argument at the time from the government that, A, the defense had the opportunity to present contrary photographs that were provided in discovery, and, B, the very end of it, though, is that we want the jury to have an image to use in closing to see how the girl is. So in my opinion, to see how the girl is is an emotional well-being plea for the jury to have an image of how she is now. They had her available for testimony. Getting back to the – whenever you introduced the picture, or it was introduced, wasn't there preliminary about who took this picture and where it took – Not at that time, Your Honor. At that particular time, the – again, the exact – It's placed in first through an agent that takes the stand, one of the arresting officers, because there was a sting involved in this particular case, and the young victim in this case was taken in that sting as part of a Backpage.com solicitation operation the government was doing. But the government's quote is they presented this image because it is simply an image the government intends to show during its closing as they, the jury, can have an idea of how the girl is. Trial counsel objected under 403. It was then admitted through the agent. Later on, when the complainant takes the stand, it is – it's already been admitted, but it is shown to the jury a second time. And that is where the testimony is elicited from the government. The – it's being admitted as Exhibit 17. The victim is asked, do you recognize this picture? The victim says yes. The government, do you remember when that picture was taken? Victim, on my 16th birthday. Trial counsel objects under Rule 403, prejudicial. The government – excuse me, the court overrules it. The trial counsel asks for a running objection to all testimony after that. The trial judge grants the running objection. And here is the testimony that's really at issue. Government, where was that picture taken? Victim, here. Government, in this courthouse? Victim, yes, sir. And it goes on from there. So what does it mean that it was taken at the courthouse? I mean, it's unusual that someone in a trial is going to have some party at the courthouse. But what is the – how is that prejudicial? I mean, she was 16. It wasn't a fake made-up photo to try to lie to the jury. And you also have the other photos of her more mature, for lack of a better word, and no disrespect intended, appearance. So the jury had those too, right, the selfies of her being more – so if they're showing that during the closing argument, you can show the other pictures or cross-examine her with those, that may be how you looked on 16, but at 15 you look like this. I mean, not that that means that you should be – please don't misunderstand that I'm saying that the way a child looks says that they should be assaulted. That's not what I'm saying. I'm trying to deal with evidence. The prejudice comes from when this photograph is put up against the wall in the courthouse and projected, and this testimony is elicited, the jury now knows that this was taken at the courthouse, that there was a birthday party celebration. It's not just that it was taken. It's a photograph. She's 16. That's out of the relevant time of the offense. It's now the jury knows that this individual was at the courthouse, there was a birthday party here, and the photograph is contextualized. And it's contextualized with the weight of the courthouse being someone who is in her corner. So you are objecting to the fact that the court had – that somehow at the courthouse there was a party for her. That is part of it. In this context, there is that objection, yes. So it is part of it that it's the imprimatur of the court for her birthday. This particular case has major credibility determinations that need to be made. There is Ms. Dunbar who took the stand who was just probably as culpable as Mr. O'Neill and gets on the stand and says, gets on the stand and says, I'm testifying so I'm not having charges brought against me. And in this case, Ms. Dunbar is, say, a madam in a solicitation, prostitution group. She recruits the girls and – Correct. And all that testimony is developed here. And then also the complainant takes the stand and testifies. So there is a credibility determination which the jury needs to make as to, you know, the believability, the credibility, and what weight to apply to each individual who is testifying. And when the jury knows that the complainant has a different relationship with the courthouse than Mr. O'Neill and the argument is being treated differently, that gives more weight to the complainant. That gives more weight to the credibility of her testimony. And we are in a different category than simply this just being an image of a 16-year-old that's out of the relevant conduct of the time period of the offense. It is now the jury knows that the complainant has been treated differently. But this is an offense regardless of whether she – whether he thought she was older, right? That's not really a defense to this crime, is it? The 1591 charge has the reckless disregard element, and then it also has the quasi-strict liability element, which is reasonable opportunity to observe. So if we're talking about does this make a difference on whether or not the observation is any different and whether – we're not. What I'm asking the Court to consider is how this impacted the jury's decision-making process based on credibility, based on the weight they attribute. She was – the defendant here was charged with the fact that she was a minor. And was it essential to his conviction that the jury find that he knowingly procured a minor? That's one element, a reckless disregard to the age. And then second, there's a very heavy strict liability component. Yeah, I know about that. But, I mean, for some reason, he had to know that, either through reckless disregard of it or through the fact that he had been with her a lot. In the brief, I argue that this goes to additional information, that the jury had to make a decision on reckless disregard. And did he recklessly disregard the minor's age? And that is more of a relevancy argument as whether or not this particular photograph that was taken when she was 16 outside the relevant time period of the offense, when he had the opportunity to observe, whether or not that got to the jury and caused prejudice. I think the real – It does emphasize. I mean, it's got her birthday cake there, 16 years old. So, I mean, that is, again, I mean, it emphasizes the fact to the jury that she is 16 years old. Correct. Correct. Well, did the Dunbar, she testified that she thought she was older than 16? Yes. She testified that the complainant said that she was 19 years old. The complainant testified that she told everybody she was 19 years old and that Ms. Dunbar testified that she herself has a 15-year-old daughter and that the complainant didn't look anything, didn't act in any way like a 15-year-old, and she actually thought she might even be older. That was Ms. Dunbar's testimony. So that was actually helpful to your client. Correct. Why doesn't a defendant's opportunity to observe her for lengthy periods, on many occasions, overcome everything else in this case, make it harmless? Well, if we're talking about like a sufficiency of the evidence review – The statute says – what does the statute say? The statute says if you have a what? Freedom? The statute says that if the government is able to prove that the defendant had a reasonable opportunity to observe the minor victim, then the government no longer has to prove there was a reckless disregard for not knowing the minor's age. That's what it comes down to. And you don't deny that he had, in this case, there was evidence that he had more than a reasonable opportunity. I have to concede that there is evidence that there was a reasonable opportunity to observe. The government points out in their particular brief that the sufficiency argument is kind of a backdoor to attacking Copeland and to attacking FAYA, which is decisions previously before this Court, really finding this is a strict liability offense. And, frankly, the sufficiency argument is not the strongest. Where I'd like the Court, again, to focus is on the introduction of this particular – The law is just one-sided, but apparently, you know, who am I? I mean, it seems to be pretty well settled now. Protect minors from this type of thing. I believe it is, Your Honor. So, I mean, even if we agree with you that it was abuse of discretion, though, as Judge Dennis's questions highlight, it could still be harmless. And so that's the problem. I mean, do you see what I'm saying? It's not probative. Yes, Your Honor. We agree with you it's not probative, and it really does have a prejudicial effect. But I don't know that you win even if you get that. So let's take on the harmless error issue. You know, this had an impact on the outcome of these proceedings. And the reason why I argue that is because the courthouse, the court system itself, has a different level of standards that we live by. It's just kind of a tangential example. But judicial ethics and law clerk ethics, like that the court cannot even show an appearance of impropriety. And this here, in my opinion, not for the court itself, not the trial judge, but the court proceedings here by getting this information in front of the jury that this photograph was taken at this courthouse and that this particular complainant has a different relationship with the court than Mr. O'Neill. Is that the only picture that the government introduced to offer? The government, yes. There was two images offered by the defense in rebuttal of selfies that were taken by the complainant during the relevant time of the offense that make her look quite older than the particular photo we're talking about here. So the reason it's not harmless is because of the credibility determination that the jurors have to make. And I think once you ring that bell when you get into the testimony that's enlisted, once you ring that bell, you can't unring that. You can't unring that the jury now knows that this complainant had a birthday party. If we look at this photograph, you know, it is set up as a birthday party. There's a tablecloth with balloons and confetti, a cake that's been prepared, gifts to the side. It is quite a different relationship than what Mr. O'Neill has. And the government points out that we may be making this argument for the very first time on appeal. But if we were to even look at it at the fourth prong of plain error and we look to see whether or not this calls into question the integrity, the fairness, public reputation of judicial proceedings, I think there's a strong argument to be made there. And the reason why you did not make a timely objection. No, I'm not conceding that issue. I am just going with the 403 running objection. And so regardless of every nuance of the photo was brought to the judge's attention, this photo was objected to, wasn't it? I agree. I agree. We're under abuse of discretion review. I don't want to be under plain error review, Your Honor. So for a harmless error, sorry. You go ahead. You only have eight seconds, so go. Well, I'll stay for rebuttal, Your Honor. Thank you, sir. Thank you. May it please the court, Elizabeth Berenger from the Western District of Texas on behalf of the United States. I just first want to address Judge Dennis's question that in this case, this court doesn't need to reach the issue of whether the evidence was properly or not properly admitted because it's harmless error. There was overwhelming evidence that the defendant sex-trafficked the victim in this case under the disjunctive term that he had a reasonable opportunity to view the victim. And I just want to correct one thing that was said before, that this is not a strict liability offense. Obviously there's a knowing element to it as far as being involved in drug trafficking. But it is strict liability with respect to the defendant's knowledge and awareness of the victim's age. Shouldn't we rule on the abuse of discretion point, though? Because it's important that we help the district courts in these evidentiary calls if the government's going to bring these types of things to the trial. Well, Your Honor, just because the government is putting forth a harmless error argument doesn't mean that we don't believe that the court was acting within the bounds of its discretion. Okay, well, you just said we didn't even need to decide that. But maybe we should to give some guidance. The government believes that the district court did act within the bounds of its discretion. I figured you did, but let's talk about that. Why is there a party at the courthouse? Well, first I want to say that there's not a lot in the record about the context of this party. Was it in the jury room, or where was this party? There's nothing in the record except for the fact that the victim's birthday coincided with the date of the material witness hearing. Probably it was in the jury room, wasn't it? Your Honor, there's no evidence in the record of this party. Because how many spaces do you have where you can have a long table like that in a court? You know how a chamber's looks. Again, it's not in the record. What we do know is that this particular victim was in the custody of Child Protective Services, so she was a detained witness on a material witness warrant and happened to celebrate her birthday on the date of her material witness hearing, which is why she was in the courthouse on that day. I can tell you that the government was not the one that purchased the cake. It was the defense attorney and members of the courthouse staff. The defense attorney purchased it? The material witness attorney, sorry, for the victim was the person who purchased the cake. It's like an ad litem? There was an attorney appointed her because she was ordered a material witness. I don't know about whether it was through her state proceedings or her criminal proceedings. That's just what I found. Did the court staff attend this event? They were in attendance, yes. But that was not brought before the jury, Your Honor. And there are other things. Why was it brought before the jury by the agent or the other witness, or I guess when she testified, that it was at the courthouse? What relevance does that have to anything? It wasn't relevant. It was not a smart thing to bring forward. I agree with that, Your Honor, but that doesn't mean that the photo itself wasn't probative. What is it probative of? How she looks now is not probative, and plus they have her there, so it's not like they have to guess what she looks like now. So how she looked at her 16th birthday party, which is not the relevant time period, versus how she looks that day in court or at the time of the incident is not probative. Well, the defendant submitted two photos of what she looked like at the time, and this was the government's reasonable rebuttal to also showing the jury of what the victim looked like around the time of the event. But it wasn't around the time of the event. It was after. It was several weeks after. It was several weeks after. But I just want to remind the court that— Well, that's kind of important to me, I mean, is that it was rebuttal. This was offered in the rebuttal phase of the trial, phase of the testimony of who the witness of who you said was rebuttal. It was offered in the government's case-in-chief, but when the government offered the photo, it was saying it was in anticipation of the defendant also submitting two photos at the time of the offense. So it was an anticipated rebuttal of— By the case agent and the very first witness, isn't it? That was when it was— Yeah, it was offered by the case agent as the very first witness, so it's not really rebuttal at all. Well, this court's precedent allows the government to anticipate the defendant's case in offering its case-in-chief. There is case law that supports that. But I do want to highlight that the context of this case makes the defendant's appearance very relevant. These two photos, as Judge Elrod pointed out, were certainly the victim looking sort of mature and maybe even provocative. However, there was evidence below that there was a lot of context. When the defendant was around the victim, it was in many different contexts. It was married different times of light, many different times of day. It wasn't always when she was on. It wasn't always when she was being sex trafficked. He was with her when they were at their house, at his house. He introduced her to his baby. They were having sex together. They ran errands to Sam's Club. They were at his father's house fixing plumbing. He would bring her a pizza buy when she woke up in the morning after a night of sex trafficking. So he saw her in a variety of different contexts, other than when she's just sort of provocatively dressed to be sex trafficked with men. So I think that the government's rebuttal, that this photo, is crucial. It's very probative in showing that he didn't just see her like this as to the element of her appearance. He saw her in a variety of different contexts. And just dovetailing back to Judge Dennis's question, that all of this really addresses that second prong, reckless disregard. But this case has overwhelming evidence on the reasonable observation of the victim, which, again, is strict liability as to the defendant's awareness of the victim's age. There was a wealth of evidence that the defendant had the opportunity to confront the victim personally, which is the case law that's used in Copeland. He was around her repeatedly for the course of a week in different times, in different settings. He had sex with her. What better evidence of the fact that he had a reasonable opportunity to observe her than he had sex with her? Spent four to five hours in the car with her each night. The only case that the government could find that directly addresses the sufficiency of that prong, which is reasonable opportunity to observe, is the Blake case from the 11th Circuit. And in that case, the 11th Circuit found that it was sufficient evidence merely because the defendant met the victim on five or six occasions and spent 20 minutes taking photos with her. So clearly, in this case, we have much more of a reasonable opportunity to observe. So even if the photo, which a photo of a birthday cake, really, that's not what turned the tide of this overwhelming trial where we have the defendant confessing that he trafficked the victim. We have both the accomplice and the victim testifying. The jury has the ability to view the victim during her testimony and see if it's somehow different than the photo that they got from either the defense or the government. But they had him saying that he thinks he's 19 and having a party at the court with a 16 on a candle. Well, again, this whole party thing is blown a little bit out of context. We have a photo with a cake, and we know it's at the courthouse. We don't know. The jury is never told that the court's present. They're never told that there's a birthday party for her. A tablecloth and a cake, most people think that's a birthday party. Well, even then, I mean, the jury's not left with this impression that the court's somehow present. But it's 16. It emphasizes 16. It's a sex trafficking of a minor. Her age and her status is central to this crime. The fact that it draws emotion that she's at a party for having her 16th birthday party. You weren't the prosecutor that did this, right? I am not, Your Honor. Do you think this was a very good idea? I think that the district court acted within the bounds of its discretion when it admitted the photo given the probative nature in rebutting the defendant's defense and that it's not unfair prejudice. That's not the question. I'm asking do you think the prosecutor used good judgment in trying to use this evidence? If you think that he or she had overwhelming evidence otherwise, was this a smart thing to put into evidence and mention about the court? I think the photo was appropriate. Perhaps the courtroom setting, you know, I'm sure that the prosecutor wishes that hadn't come out. But as far as whether that's error that would reverse a 403 judgment in this case, whether it would reverse a trial in light of the overwhelming nature of the evidence, I mean we always have things in trial that come out that we wish hadn't come out. But if you think it's appropriate, then that's all the more reason that we need to ride on it if we don't think it's appropriate. So your answer to this question is important in how we would ride an opinion, even if we were to agree with you, isn't it? Well, in the Fifth Circuit's tradition, it doesn't need to reach the issue necessarily of whether the evidence was properly or improperly admitted in light of the harmlessness of the error. That would be the government's position. I would also like to highlight, just because I didn't necessarily do this in my brief, that there was another opportunity in making its 403 determination with respect to the adequacy of the court's reasoning that the government did on another instance, and I'll just highlight pages 409 and 410 of the record, where after the defendant had testified and denied that he'd ever pimped a minor, the government tried to introduce two prior instances or ask about two prior instances where he had been arrested for pimping minors and the court declined to allow that evidence in under 404B, and I think you can infer from the record that it was based on 403 considerations. So if the Court has no further questions, I would just submit the rest of my time. Thank you, Your Honor. It remains our position that the introduction of this evidence and the testimony that was elicited regarding the location and the context of this photograph did have an injurious effect or influence in determining this jury's verdict, and the reasons why is because by allowing this information in front of the jury, they now know that there is a different relationship, that there is weight attributed to this individual's testimony that has to be believed in order to result in a conviction that corroborates the testimony and the information that was developed throughout. But I want to point out also in jury selection how much of a credibility issue this particular witness's testimony is in play, and there is a juror that's brought to the court and knows the complainant and is stricken, appropriately, because she says she couldn't trust anything out of this person's mouth. So there is in this record evidence of credibility and what would have needed to be assessed at the time. When the government speaks of rebuttal in this particular case of these photographs, it is not a rebuttal. It may be an anticipatory rebuttal, but this was discovery from the government's case. This is not part of a reciprocal discovery request where the trial counsel provided these particular images, the selfies that were taken to show how she looked at the time of the offense. That is from the government, and a rebuttal would have to take place after the defense moved to put in this particular photograph. I really think placing this type of information in front of a jury calls into question the outcome. The photograph that was taken, the only places it could have been taken were secured entry. The jury, for the very first time in their lives, are probably coming to this courthouse through the same secured entry. Why wasn't it harmless if the evidence was so strong that she had had many occasions and he had had many occasions in which to observe her and thus fully satisfied in Section C of the Act? Well, the testimony comes from the complainant, and again the jury is in a position to assess the weight and the credibility. And when we give the jury the background that she had a birthday party, a celebration that she supported in a different way than Mr. O'Neill, that bell cannot be unrung. You can't go back from that. And then going forward, which is a little outside the context of harmless error analysis, is how do other similarly situated defendants in the same position fall? When they think they're going to get a fair shake at trial when this type of imagery and it's known that this individual has had a birthday party and they're going to present this testimony and they're going to develop, elicit that testimony, that there was a party here on her behalf, a defendant and accused who has the same 1591 charge is no longer in the same place. And it's not hypothetical because there's another case that arises out of this arrest with a T. White who's referred to in the transcript, who was arrested a month ago in Midland and had to decide whether or not to exercise his right to a trial. So with that information, when we're talking about reputation in public proceedings, it has a terrible impact on whether or not an individual feels like they're treated fairly in front of the court system. Particularly in Midland, it's a small community. People hold out the court, especially the federal courthouse, at a high regard. It is the best of the best. It is the top notch. It is the highest standard in our land. And when you come into court and you're facing what ended up being a life sentence and you have this as the difference between your accuser and you, I can't see how it doesn't impact that particular community, how it doesn't impact the jury that's sitting in that box. They get to see it once. The very first time they see the complainant is through the image through Agent Fields when she testifies. It's projected. The same jury knows we don't have to rely on that because we can rely on this other testimony that he has seen so many times that that satisfies the requirement of knowledge. I would say, Your Honor, they had to make a credibility determination. They had to determine what weight to attribute to this particular testimony. And this tips the scale of justice. This really places the complainant in a different place of believability. When they know they're having a birthday party downstairs or upstairs in another secured area of the same courthouse. It's not a large courthouse. There's no other place you can go unless you can go in with secured access. They know that she had a different relationship. You're really arguing that this is separate from Section C of the Act, that is, opportunity to observe, because that's not really your objection. Your objection is that the federal courts put the imprimatur of federal justice on her picture. Justice must seek justice. Okay. Thank you. Thank you, Your Honor.